25-54-cv
Erde v. Carranza

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand twenty-five.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

SUSANNE ERDE AND MICHAEL ERDE, AS PARENTS AND NATURAL GUARDIANS OF J.E., AND SUSANNE ERDE AND MICHAEL ERDE, INDIVIDUALLY,

*Plaintiffs-Appellants*,

v.                                              No. 25-54-cv

RICHARD CARRANZA, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION,

1

AND NEW YORK STATE
EDUCATION DEPARTMENT,

*Defendants-Appellees.*[*]

------------------------------------------------------------------

|  |  |
|---|---|
| FOR APPELLANTS: | RORY J. BELLANTONI, Liberty & Freedom Legal Group, New York, NY |
| FOR APPELLEES: | D. ALAN ROSINUS, JR. (Richard Dearing, Melanie T. West, *on the brief*), Of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Susanne and Michael Erde, individually and on behalf of their child J.E., appeal from the December 6, 2024 judgment of the United States District Court for the Eastern District of New York (Block, *J.*) granting summary judgment in favor of the Defendants-Appellees and

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

dismissing the Erdes' claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.* We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

An Impartial Hearing Officer ("IHO") concluded that J.E., who has been diagnosed with cerebral palsy and several other significant medical conditions, had been denied a free appropriate public education ("FAPE") because the Department of Education ("DOE") recommended in its Individualized Education Program ("IEP") for the 2018–19 school year that a transportation paraprofessional rather than a transportation nurse accompany J.E. in transit. The State Review Officer ("SRO") reversed this part of the decision of the IHO after concluding that the Erdes had forfeited the argument that the IEP was defective for failing to provide for a transportation nurse and that the DOE had not otherwise denied J.E. a FAPE. The District Court upheld the SRO's decision and granted the DOE's motion for summary judgment.

"We undergo a circumscribed *de novo* review of a district court's grant of summary judgment in the IDEA context because the 'responsibility for determining whether a challenged IEP will provide a child with [a FAPE] rests in

3

the first instance with administrative hearing and review officers.'"  *M.W. ex rel.*

*S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 138 (2d Cir. 2013) (alteration in

original) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 240 (2d Cir. 2012)).

"In undertaking this independent review, we are . . . restrained by our lack of

specialized knowledge and educational expertise," which requires that we "defer

to the administrative decision particularly where the state officer's review has

been thorough and careful."  *Id.* at 138–39 (alteration accepted and quotation

marks omitted).  Our review thus seeks only to "independently verify that the

administrative record supports the district court's determination."  *Id.* at 138.  We

consider the Erdes' appeal with these principles in mind.

Assuming without deciding that we apply *de novo* review to decide the

question, we agree with the SRO that the Erdes forfeited their claim that the IEP

was defective for failing to provide J.E. with a transportation nurse.  Unless the

other party consents, parties requesting a hearing may not there raise challenges

to the IEP that they did not include in their due process complaint.  *See* 20 U.S.C.

§ 1415(f)(3)(B); *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 187 & n.4 (2d Cir. 2012).

Here, none of the seven detailed claims in the due process complaint concerned

or mentioned J.E.'s transportation accommodations.  To the contrary, the

4

complaint requested only that the DOE cover the cost of a "travel aide," rather than provide a transportation nurse. D. Ct. Dkt. No. 44-2 at 48. The Erdes point out that the due process complaint sought an interim order of pendency that would have had the DOE cover the cost of J.E.'s then-current transportation accommodations, including a "nurse." D. Ct. Doc. No. 44-2 at 47. But considered in the context of the due process complaint as a whole, the pendency request does not suggest that the Erdes contested the provision of a transportation paraprofessional instead of a nurse. Accordingly, while "the waiver rule is not to be mechanically applied," the pendency request did not "provide[] fair notice to the Department" of such a challenge. *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 78 (2d Cir. 2014).

The Erdes alternatively contend that the DOE opened the door to the transportation nurse issue at the impartial hearing conducted by the IHO, thus allowing them to raise it. We are not persuaded. The DOE did not raise issues outside the scope of the Erdes' due process complaint when it mentioned transportation in two questions that formed part of a summary of the IEP's overall program recommendation. We contrast this case with *M.H. v. New York City Department of Education*, in which we concluded that the DOE opened the

5

door to an issue by referencing it "first in its opening statement, and then in the questioning of its first witness," and "much of the testimony presented by both parties to the IHO related to the [issue]." 685 F.3d at 250.

The Erdes also argue that J.E. was denied a FAPE because the IEP provided for 40–minute rather than 60–minute related-services sessions. We disagree. "[A] school district fulfills its substantive obligations under the IDEA if it provides an IEP that is likely to produce progress, not regression, and if the IEP affords the student with an opportunity greater than mere trivial advancement." *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 173 (2d Cir. 2009) (alteration in original) (quotation marks omitted). Following an extended review of the record, the SRO found that "the student's distractibility and limited attention to tasks," "supports [the] conclusion that the 40-minute sessions . . . were appropriate." D. Ct. Dkt. No. 44-2 at 33. As already noted, we defer to the SRO's reasoning, "particularly . . . when, as here, the state hearing officers' review has been thorough and careful." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).

The Erdes next argue that J.E. was denied a FAPE because his IDEA disability classification was improperly changed from "traumatic brain injury" to

6

"multiple disabilities." Appellants' Br. 32–35. We agree with the District Court that a "student's disability classification is generally immaterial in determining whether a FAPE was provided if the IEP otherwise sufficiently met the needs of the disabled student." *Erde v. Carranza*, No. 20-CV-02181, 2024 WL 4989225, at *4 (E.D.N.Y. Dec. 5, 2024) (quotation marks omitted). As the SRO recognized, because J.E.'s "eligibility for special education is not in dispute, the significance of the disability category label is more relevant to . . . reporting requirements than it is to determine an appropriate IEP." D. Ct. Dkt. No. 44-2 at 24–25.

The Erdes also allege certain procedural violations. First, they argue that the DOE predetermined J.E.'s placement by holding the IEP meeting for the 2018–19 school year without them. The DOE may conduct an IEP meeting without the parents if the DOE has "take[n] steps to ensure that one or both of the parents . . . are afforded the opportunity to participate" at the meeting and the DOE "is unable to convince the parents that they should attend." 34 C.F.R. §§ 300.322(a), (d). Here, the SRO determined, the DOE accommodated the Erdes' request to meet on a weekday after 3 p.m., granted their request that staff from J.E.'s then-current private placement be permitted to attend, provided them with three weeks' notice of the meeting, and sent them several reminders. On the day

of the meeting, the DOE again contacted J.E.'s father and the staff of J.E.'s then-current private placement to seek their attendance. In light of this record, we agree with the District Court that the SRO correctly ruled that the DOE satisfied its regulatory obligation.

Finally, the Erdes argue that the IEP meeting was not properly constituted because the DOE physician attended over the phone. Again, we are not persuaded. It is true that New York law gives parents a "right to request . . . the attendance of the school physician member" at IEP meetings. N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(c)(2)(iv). But under the circumstances presented here, especially where the parents insist that a physician be present at the in-person meetings but then fail to attend themselves, we agree with the District Court that the IEP meeting was not procedurally defective.

We have considered the Erdes' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8